# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00910-CV

---

**S. J., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 146TH DISTRICT COURT OF BELL COUNTY**
**NO. 303,297-B, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant S.J. (the mother) appeals from the district court's order, following a bench trial, terminating her parental rights to three of her children. We will affirm the district court's order.

The case began in September 2018 when the mother's youngest child tested positive after birth for methamphetamines. The mother also tested positive for methamphetamines. Based on the test results and other allegations against the mother, the Texas Department of Family and Protective Services (the Department) filed this suit for protection of the children.

During the bench trial, the district court heard evidence that while the case was ongoing, the mother tested positive for methamphetamines on November 15, 2018, January 30, 2019, May 8, 2019, and June 19, 2019. On the June 19 test, the mother also tested positive for

amphetamines, cocaine, and marijuana. Additionally, the mother tested positive for methamphetamines on October 10, 2019, less than two weeks before the bench trial. The mother claimed that the positive test result on May 8 was caused by prescription medication that she had taken for a "bug bite," but she offered no explanation for the most recent positive test result on October 10. By testing positive for drugs, the mother had violated the conditions of her Family Service Plan to obtain reunification with the children.

The Department had placed two of the children with a foster family and the third child with her paternal grandmother. A Department caseworker testified that the grandmother wanted to adopt the child who was in her care and that the foster parents wanted to adopt the children who were in their care. The caseworker also testified that the children in foster care were bonded with each other and loved their foster mother.

At the conclusion of trial, the district court found that termination of the mother's parental rights was in the best interest of the children and that the mother had: (1) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children; and (2) failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the children. *See* Tex. Fam. Code § 161.001(b)(1)(E), (O), (2). This appeal followed.

The mother's court-appointed counsel on appeal has filed an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the defendant's constitutional right to counsel on appeal and

counsel's obligation not to prosecute frivolous appeals" (citations omitted)).  The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied).  The mother's counsel has certified to this Court that she has provided the mother with a copy of the *Anders* brief and informed her of her right to examine the appellate record and to file a pro se brief.  No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous.  *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Taylor*, 160 S.W.3d at 647.  We have reviewed the entire record, including the *Anders* brief submitted on the mother's behalf.  We have found nothing in the record that might arguably support an appeal, and we agree with counsel that the appeal is frivolous.  Accordingly, we affirm the district court's order terminating the mother's parental rights.  We deny counsel's motion to withdraw.[1]

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:  March 31, 2020

---

[1] Counsel's obligation to the mother has not yet been discharged.  *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).  If the mother, after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *See id*. at 27-28.